Raoul Bustillo, Esq
Koles, Burke & Bustillo, L.L.P.
100 35th Street
Union City, NJ 07087
raoulbustillo@hotmail.com
201-319-0200
Attorneys for Plaintiff Seth Rouzier

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SETH ROUZIER,<br><br>         Plaintiff(s),<br><br>  -vs-<br><br>POLICE OFFICER FRANK TIMEK, POLICE OFFICER RICHARD LASCO, ATLANTIC CITY POLICE DEPARTMENT, CITY OF ATLANTIC CITY, JOHN DOE NOS. 1-10 AND ABC CORP. NOS. 1-10<br><br>         Defendant(s). | Civil Action No. 07-5218 (RBK) (AMD)<br><br>Hon.<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Seth Rouzier, by way of complaint in this matter, hereby avers:

### THE PARTIES

1.     Plaintiff Seth Rouzier is a real person residing at 212 Whitney Avenue, Bridgeport, CT 06606.

2. Defendant City of Atlantic City (hereinafter "Atlantic City") is a municipal corporation organized under the laws of the State of New Jersey with offices at 1301

Bacharach Boulevard, Atlantic City, NJ 08401 and may be served at said address. By duly adopted ordinance, Defendant Atlantic City has determined to provide police services to its residents through the Atlantic City Police Department.

3. Defendant Atlantic City Police Department is a government agency or body with offices at 2715 Atlantic Avenue, Atlantic City, NJ 08401 and may be served at said address. The Atlantic City Police Department is part of the municipal government of Atlantic City and is responsible for providing police services.

4. Defendant Police Officer Frank Timek (badge no. 671) is an adult individual employed by the Atlantic City Police Department. Police Frank Timek is named as a Defendant herein as an individual and in his official capacity. Defendant Police Officer Frank Timek may be served at 2715 Atlantic Avenue, Atlantic City, NJ 08401.

5. Defendant Police Richard Lasco (badge no. 681) is an adult individual employed by the Atlantic City Police Department. Police Officer Richard Lasco is named as a Defendant herein as an individual and in his official capacity. Defendant Richard Lasco may be served at 2715 Atlantic Avenue, Atlantic City, NJ 08401.

### NATURE OF SUIT

6. This action is brought pursuant to 42 U.S.C. Section 1983 et. seq.; the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 et. seq.; the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et. seq.; the Constitution of the United States; the New Jersey State Constitution and New Jersey Common law.

7. Plaintiff alleges that Defendants have violated the rights secured to Plaintiff by the statutes set forth above and by the Fourth (unreasonable searches and seizures), Fifth (Equal Protection) Eighth (Cruel and Unusual Punishment) and Fourteenth (Equal Protection / Due Process) Amendments of the United States Constitution by using unnecessary and excessive force against Plaintiff.

8. Plaintiff seeks money damages to compensate Plaintiff and such other relief as will redress Defendants' unlawful conduct.

### FACTS COMMON TO ALL COUNTS

9. On November 5, 2005, at about 6:00 p.m., Police Officers Frank Timek and Richard Lasco arrived at the Hard Rock Café located at the Trump Taj Mahal Hotel, 1000 Boardwalk at Virginia Ave, Atlantic City, NJ to investigate

a disorderly conduct report. A Hard Rock Café manager informed the police officers that a patron had kicked and damaged the front door of the Hard Rock Café. The Hard Rock Café manager informed the police officers that the patron was still inside and pointed the patron out to the officers.

10. On the same date, time and place, Plaintiff Seth Rouzier was inside the Hard Rock Café near the bar with his girlfriend waiting for a take out order of food. Police Officers Frank Timek and Richard Lasco approached Mr. Rouzier from behind. Without giving any warning and without identifying himself as a police officer, one of the officers placed Mr. Rouzier in a choke hold from behind. Mr. Rouzier, unsure of what was going on, held on to the bar for support and resisted the officers' efforts to wrestle him to the floor.

11. After several seconds of struggling to catch his breath and keep his feet, Mr. Rouzier heard one of the officers tell him to get down on the floor, which he did.

12. Once Mr. Rouzier got down of the floor, Police Officers Timek and Lasco cuffed Mr. Rouzier behind his back. Then the police officers placed Mr. Rouzier in the back seat of a police car and drove away from the Hard Rock Café.

4

13. Police Officers Timek and Lasco did not drive straight to the police station. First, they drove around making sudden stops, causing Mr. Rouzier, who was handcuffed and not wearing a seatbelt, to slide forward and hit himself against the front seat of the police car. Then, the police officers parked the car in an alley. One of the Officers exited the car, opened the rear door and sprayed Mr. Rouzier in the face with pepper spray. After blinding Mr. Rouzier, the officer punched him in the face and said something to the effect of "welcome to Atlantic City."

14. When the police car finally pulled into the car port at the police station, Mr. Rouzier was still writhing from the pepper spray, lying flat on the back seat of the car. The police officers grabbed Rouzier by his ankles and pulled him out of the car, causing him to flop down hard on the concrete floor. Then the police officers stood Mr. Rouzier up and pushed him hard into a wall at least three times. Since Mr. Rouzier was still handcuffed behind his back, he could not keep his body from slamming against the wall.

15. Plaintiff received medical treatment from the medical department at the Atlantic County Jail and followed up upon his release at St. Vincent's Hospital in

Bridgeport, CT. He sustained injuries to his eyes, face, shoulder, knees and elbow.

### FIRST COUNT

#### FEDERAL CIVIL RIGHTS VIOLATIONS
#### AS TO POLICE OFFICERS TIMEK AND LASCO

16. Plaintiff repeats each and every allegation set forth above as if set forth herein.

17. Each Defendant is a "person" within the meaning of 42 U.S.C. 1983 (hereinafter "Section 1983").

18. Under Section 1983 and the United States Constitution, Plaintiff has the right to be free from racial discrimination, unreasonable searches and seizures, excessive force and cruel and unusual punishment.

19. Defendants violated Plaintiff's rights by effectuating an arrest through the use of excessive force, by inflicting cruel and unusual punishment after Plaintiff had been secured and/or because Plaintiff is a member of a minority race.

20. Defendants violated Plaintiff's rights while acting under the color of law in their capacity as Atlantic City Police Officers.

21. Defendants are liable for punitive damages under Section 1983 because their conduct was willful, malicious or in reckless disregard of Plaintiff's federal rights.

22. As a direct and proximate result of Defendants' conduct, Plaintiff suffered serious and permanent personal injuries, pain and humiliation; will, in the future, suffer pain and humiliation from said injuries; incurred medical expenses; may, in the future, incur medical expenses; lost time from work; and has been, and in the future, will be prevented from engaging in his normal activities and pursuits.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against all Defendants for compensatory damages, punitive damages, attorneys fees, interest, cost of suit and such other relief as may be appropriate.

### SECOND COUNT

**FEDERAL CIVIL RIGHTS VIOLATIONS AS TO DEFENDANTS CITY OF ATLANTIC CITY AND ATLANTIC CITY POLICE DEPARTMENT**

23. Plaintiff repeats each and every allegation set forth above as if set forth herein.

24. Each Defendant is a "person" within the meaning of 42 U.S.C. 1983 (hereinafter "Section 1983").

25. Under Section 1983 and the United States Constitution, Plaintiff has the right to be free from racial discrimination, unreasonable searches and seizures, excessive force and cruel and unusual punishment.

26. Defendants violated Plaintiff's rights by effectuating an arrest through the use of excessive force, by inflicting cruel and unusual punishment after Plaintiff had been secured and/or because Plaintiff is a member of a minority race.

27. Defendants further violated Plaintiff's rights by failing to use reasonable care in hiring, training and/or supervising Police Officers Frank Timek and Richard Lasco.

28. Defendants violated Plaintiff's rights while acting under the color of law in their capacity as government agencies and/or agents.

29. Defendants are liable for punitive damages under Section 1983 because their conduct was willful, malicious or in reckless disregard of Plaintiff's federal rights.

30. As a direct and proximate result of Defendants' conduct, Plaintiff suffered serious and permanent personal injuries, pain and humiliation; will, in the future, suffer pain and humiliation from said injuries; incurred medical expenses; may, in the future, incur medical expenses; lost

time from work; and has been, and in the future, will be prevented from engaging in his normal activities and pursuits.

**WHEREFORE,** Plaintiff demands judgment, jointly and severally, against all Defendants for compensatory damages, punitive damages, attorneys fees, interest, cost of suit and such other relief as may be appropriate.

### THIRD COUNT

### NEW JERSEY CIVIL RIGHTS VIOLATIONS
### AS TO POLICE OFFICERS FRANK TIMEK AND RICHARD LASCO

31. Plaintiff repeats each and every allegation set forth above as if set forth herein.

32. Under the New Jersey Constitution, the New Jersey Civil Rights Act and the New Jersey Law Against Discrimination, Plaintiff has the right to be free from racial discrimination, unreasonable searches and seizures, excessive force and cruel and unusual punishment.

33. Defendants violated Plaintiff's rights by effectuating an arrest through the use of excessive force, by inflicting cruel and unusual punishment after Plaintiff had been secured and/or because Plaintiff is a member of a minority race.

34. Defendants violated Plaintiff's rights while acting under the color of law in their capacity as Atlantic City Police Officers.

35. Defendants are liable for punitive damages because their conduct was willful, malicious or in reckless disregard of Plaintiff's rights.

36. As a direct and proximate result of Defendants' conduct, Plaintiff suffered serious and permanent personal injuries, pain and humiliation; will, in the future, suffer pain and humiliation from said injuries; incurred medical expenses; may, in the future, incur medical expenses; lost time from work; and has been, and in the future, will be prevented from engaging in his normal activities and pursuits.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against all Defendants for compensatory damages, punitive damages, attorneys fees, interest, cost of suit and such other relief as may be appropriate.

### FOURTH COUNT

### NEW JERSEY CIVIL RIGHTS VIOLATIONS AS TO CITY OF ATLANTIC CITY AND ATLANTIC CITY POLICE DEPARTMENT

37. Plaintiff repeats each and every allegation set forth above as if set forth herein.

38. Under the New Jersey Constitution, the New Jersey Civil Rights Act and the New Jersey Law Against Discrimination, Plaintiff has the right to be free from racial discrimination, unreasonable searches and seizures, excessive force and cruel and unusual punishment.

39. Defendants violated Plaintiff's rights by effectuating an arrest through the use of excessive force, by inflicting cruel and unusual punishment after Plaintiff had been secured and/or because Plaintiff is a member of a minority race.

40. Defendants further violated Plaintiff's rights by failing to use reasonable care in hiring, training and/or supervising Police Officers Frank Timek and Richard Lasco.

41. Defendants violated Plaintiff's rights while acting under the color of law in their capacity as government agencies and/or agents.

42. Defendants are liable for punitive damages because their conduct was willful, malicious or in reckless disregard of Plaintiff's rights.

43. As a direct and proximate result of Defendants' conduct, Plaintiff suffered serious and permanent personal injuries, pain and humiliation; will, in the future, suffer pain and humiliation from said injuries; incurred medical

11

expenses; may, in the future, incur medical expenses; lost time from work; and has been, and in the future, will be prevented from engaging in his normal activities and pursuits.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against all Defendants for compensatory damages, punitive damages, attorneys fees, interest, cost of suit and such other relief as may be appropriate.

### FIFTH COUNT

#### ASSAULT AS TO POLICE OFFICERS
#### FRANK TIMEK AND RICAHRD LASCO

44. Plaintiff repeats each and every allegation set forth above as if set forth herein.

45. Defendants intentionally used unnecessary and excessive force in arresting Plaintiff and during the course of transporting him to the police station. Such force exceeded that which was reasonably necessary to effectuate an arrest and constitutes an assault on Plaintiff.

46. Defendants are liable for punitive damages to the extent that their conduct was intentional, willful, malicious or in reckless disregard of known risks to Plaintiff.

47. As a direct and proximate result of Defendants' conduct, Plaintiff suffered serious and permanent personal injuries, pain and humiliation; will, in the future, suffer pain and humiliation from said injuries; incurred medical expenses; may, in the future, incur medical expenses; lost time from work; and has been, and in the future, will be prevented from engaging in his normal activities and pursuits.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against all Defendants for compensatory damages, punitive damages, attorneys fees, interest, cost of suit and such other relief as may be appropriate.

### SIXTH COUNT

**NEGLIGENT HIRING, TRAINING AND SUPERVISION AS TO ATLANTIC CITY AND THE ATLANTIC CITY POLICE DEPARTMENT**

48. Plaintiff repeats each and every allegation set forth above as if set forth herein.

49. Defendants had a duty to exercise reasonable care in hiring, training and/or supervising Atlantic City Police Officers.

50. Defendants breached this duty by failing to hire officers who would follow proper police procedure in effectuating arrests and/or by failing to train such

officers in proper police procedure and/or in failing to supervise such officers to ensure that proper police procedures were followed.

51. Defendants are liable for punitive damages to the extent that their conduct was intentional, willful, malicious or in reckless disregard of known risks to Plaintiff.

52. As a direct and proximate result of Defendants' conduct, Plaintiff suffered serious and permanent personal injuries, pain and humiliation; will, in the future, suffer pain and humiliation from said injuries; incurred medical expenses; may, in the future, incur medical expenses; lost time from work; and has been, and in the future, will be prevented from engaging in his normal activities and pursuits.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against all Defendants for compensatory damages, punitive damages, attorneys fees, interest, cost of suit and such other relief as may be appropriate.

### SEVENTH COUNT

#### Conspiracy

53. Plaintiff repeats each and every allegation set forth above as if set forth herein.

54. Police Officers Frank Timek and Richard Lasco agreed to assault Plaintiff by using excessive force in effectuating Plaintiff's arrest and in transporting him to the police station. In furtherance of said conspiracy, Defendants did in fact assault Plaintiff.

55. Defendants further agreed to cover up their actions by filing police reports that misrepresented facts and omitted their misconduct.

56. Defendants agreed to violate Plaintiff's federal and state law rights by arresting Plaintiff through the use of excessive force and/or because Plaintiff was a member of a minority race. They further agreed to cover up their actions by filing false complaints against Plaintiff.

57. Defendants are liable for punitive damages because their conduct was intentional, willful, malicious or in reckless disregard of Plaintiff's rights.

58. As a direct and proximate result of Defendants' conduct, Plaintiff suffered serious and permanent personal injuries, pain and humiliation; will, in the future, suffer pain and humiliation from said injuries; incurred medical

expenses; may, in the future, incur medical expenses; lost time from work; and has been, and in the future, will be prevented from engaging in his normal activities and pursuits.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against all Defendants for compensatory damages, punitive damages, attorneys fees, interest, cost of suit and such other relief as may be appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Raoul Bustillo, Esq., to serve as trial counsel in this matter.

Dated: October 30, 2007

                                                Raoul Bustillo, Esq.
                                                Koles, Burke & Bustillo, LLP

## CERTIFICATION

I am not aware of any other case arising out of the facts stated herein or of any other matter that may be brought as a result of the facts stated herein. I am not aware of any parties that should be joined to this litigation.

Dated: October 30, 2007

RAOUL BUSTILLO, ESQ
Koles Burke & Bustillo, LLP
100 35th Street
Union City, NJ  07087
201-319-0200
Attorneys For Plaintiff,
Seth Rouzier